Case 4:21-cv-03495   Document 21   Filed on 05/23/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TANIA CAMPOS,          §<br>    Plaintiff,           §<br>                        §<br>VS.                     §   CIVIL ACTION NO. 4:21-CV-3495<br>                        §<br>FIESTA STORES TEXAS, LLC, §<br>    Defendant.          § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendant Fiesta Mart, LLC ("Fiesta") (Dkt. 16). After carefully reviewing the motion, summary judgment record as a whole, and the applicable law, the Court finds that Fiesta's motion should be **GRANTED**.

### FACTUAL BACKGROUND

In 2019, Plaintiff Margarita Diaz Campos went to a store owned by Fiesta located in Katy, Texas. While shopping, Campos slipped on water and a tomato, hitting her head on the floor. Campos sustained injuries that required immediate medical attention. Campos later filed this action against Fiesta in state court asserting claims for negligence and premises liability. (Dkt. 1-2). Fiesta removed the case to federal court. (Dkt. 1).

After initial discovery, Fiesta filed a motion for summary judgment. Campos did not respond. The Court considers Fiesta's motion below.

1

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A movant may also satisfy its initial burden by producing evidence that negates an essential element of the non-movant's claim or defense. *See id.* If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586-87. "[T]he nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156,

164 (5th Cir. 2006) (internal quotation marks and citation omitted). *See also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts.").

Conclusory allegations and unsubstantiated assertions do not satisfy the nonmovant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "In assessing whether genuine disputes of material fact exist, the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (internal quotation marks and citation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the non-movant's favor. *Id.*

Summary judgment may not be awarded by default simply because there is no opposition. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

## ANALYSIS

Fiesta argues that it is entitled to summary judgment with respect to Campos' premises liability claim because there is (1) no evidence of unreasonable risk of harm and (2) no evidence that Fiesta had knowledge of the water or tomato that caused Campos' fall. (Dkt. 16 at 2). The Court agrees.

3

"Generally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). That said, it is well established that a premises owner is not an insurer of a visitor's safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The Supreme Court of Texas has repeatedly stressed "that premises owners are not strictly liable for conditions that result in injury." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). Thus, "[t]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 4 (Tex. 1996) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984)).

To prevail on a premises-liability claim under Texas law, a plaintiff must establish that: (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the property owner did not exercise reasonable care to reduce or eliminate the unreasonably dangerous condition; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused the invitee's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

The existence of actual or constructive notice of a premises defect is a threshold requirement in a premises liability case. *See Henkel*, 441 S.W.3d at 251. To have actual

4

notice of a dangerous condition, the property owner must know of the condition and fail to take reasonable steps to eliminate the risk. *See Keetch*, 845 S.W.2d at 265. Constructive knowledge can be established "by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc.*, 15 S.W.3d at 102. This so-called "time-notice rule" is "firmly rooted in [Texas] jurisprudence," and "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815-16 (Tex. 2002).

Here, Campos failed to adduce (1) any evidence of a condition that posed an unreasonable risk of harm, or (2) any evidence that Fiesta had actual or constructive notice of such a condition. The absence of evidence that Fiesta had constructive notice of a condition that posed an unreasonable risk of harm similarly defeats Campos' allegation that Fiesta is liable for failing to monitor and inspect the condition of the floor. (Dkt. 1-2 at 5). Thus, summary judgment on Campos' claims is in order.

## CONCLUSION

Fiesta's Motion for Summary Judgment (Dkt. 16) is **GRANTED** and this case dismissed with prejudice.

SIGNED at Houston, Texas this 23rd day of May, 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE